USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY DOLAN,

                            Plaintiff,

-against-

SOFT DRINK AND BREWERY WORKERS UNION,
LOCAL 812, INTERNATIONAL BROTHERHOOD
OF TEAMSTERS,

                            Defendant.

No. 17-CV-05528 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

    Plaintiff Timothy Dolan ("Plaintiff") commenced this action against Defendant Soft Drink and Brewery Workers Union, Local 812, International Brotherhood of Teamsters ("Defendant Local 812") for breach of the duty of fair representation. Presently before the Court is Defendant Local 812's Motion to Dismiss Plaintiff's Complaint (the "Complaint" or "Compl."), pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* EFC No. 14, "Defendant's Motion") For the reasons stated below, Defendant's Motion is GRANTED.

## BACKGROUND

    The following facts, taken from the Complaint, are construed in the light most favorable to Plaintiff, as he is the non-moving party.[1] *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011). Plaintiff was employed as a warehouseman by Oak Beverages, Inc. ("Oak") from March 5, 1996 to May 12, 2016. (*See* Compl. ¶ 8.) Warehousemen oversee the storing and distribution of beverages at Oak's warehouses. (*Id.*

---

[1] The Court assumes the truth of the facts alleged in Plaintiff's Complaint for purposes of this motion only. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

¶ 7.) Patrick Bracho ("Bracho") is the warehouse manager that oversaw Oak's warehouse in Rockland County, New York, where Plaintiff was employed. (*Id.* ¶¶ 5, 7.)

On May 11, 2016, an incident between Plaintiff and Bracho occurred. (*Id.* ¶¶ 9-13.) Bracho approached Plaintiff to discuss a conversation that had occurred between Plaintiff and other warehousemen on a prior occasion. (*Id.* ¶ 9.) Plaintiff explained to Bracho the nature of the conversation – that certain Oak employees were failing to sort between wooden pallets that were to be disposed of and pallets that could be recycled for a return price. (*Id.*) Plaintiff told Bracho that he only acted for the financial benefit of Oak. (*Id.* ¶ 10.) Bracho informed Dolan that his actions were beyond the scope of his employment. (*Id.*) Bracho then became infuriated and was allegedly verbally abusive towards Plaintiff, saying that Plaintiff "should focus on his job and stop f**king doing everyone elses," and to "clock out and get the f**k out." (*Id.* ¶ 10-12.)

Later that day, Bracho completed an incident report detailing the discussion between him and Plaintiff, and recommended that the proper recourse was termination of Plaintiff's employment. (*Id.* ¶ 13.) Plaintiff was afforded no opportunity to complete an incident report of his own to explain the occurrence, and no further investigation into occurred. (*Id.* ¶ 14.) The next day, on May 12, 2016, Plaintiff was terminated. (*Id.*)

Subsequently, Plaintiff brought a grievance to Defendant Local 812, the labor organization representing Oak warehousemen in accordance with the Collective Bargaining Agreement ("CBA"). (*Id.* ¶¶ 6, 16.) As per the CBA, Plaintiff attended a mandatory arbitration hearing on October 6, 2016. (*Id.* ¶¶ 16-17.) The Arbitrator, Ronald J. Betso ("Arbitrator Betso"), refused to allow Plaintiff's counsel, George David Rosenbaum, Esq. (Plaintiff's Counsel"), to conduct a particular line of questioning during the cross examination of Bracho. (*Id.* ¶ 17.) The line of questioning pertained to three serious felony convictions for which Bracho was incarcerated: (1)

distribution of a controlled dangerous substance on or near a school property; (2) manufacture/distribution of controlled dangerous substance, such as heroin, meth and LSD; (3) possession/distribution of a controlled substance within 500 feet of certain public property. (*Id.* ¶ 18.) Plaintiff's Counsel contended that the convictions were relevant to asses Bracho's credibility – who was testifying about a conversation between him and Plaintiff alone. (*Id.* ¶¶ 19-21.) Arbitrator Betso determined that such information was not relevant and declined to allow that line of questioning. (*Id.* ¶ 19.)

Furthermore, Arbitrator Betso allowed the admission of a signed statement of Angel Martinez ("Martinez") summarizing the incident between Plaintiff and Bracho. (*Id.* ¶ 24.) When asked by Plaintiff's Counsel to read the signed statement aloud, Martinez testified that he could not because he does not read English. (*Id.* ¶ 23.) On or about October 24, 2016 at the conclusion of the arbitration, Arbitrator Betso denied Plaintiff's grievance. (*Id.* ¶ 25.) On or about January 19, 2017, Plaintiff filed a petition pursuant to Article 75 of the New York Civil Practice Law and Rules ("Article 75") seeking an order vacating the Arbitrator's award and remanding the matter to arbitration for further proceedings. (*Id.* ¶ 26.)

On or about February 8, 2017, Plaintiff received a letter from James L. Green, Esq. ("Mr. Green") of James L. Green P.C., Attorney for Defendant Local 812, that Plaintiff was never authorized to file the aforementioned Article 75 Petition and that it must be withdrawn immediately. (*Id.* ¶ 27.)[2] Additionally, on or about February 13, 2017, Mr. Green informed Plaintiff that Defendant Local 812 decided not pursue an Article 75 proceeding seeking to vacate

---

[2] Plaintiff did not provide a copy of the letter. A copy was attached to Barry I. Levy's Decl. in Supp. of Def.'s Mot. to Dismiss as Ex. A. (*See* EFC No. 15, "Declaration") This Court is permitted to take judicial notice of this letter because it is incorporated by reference and integral to the Complaint. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016); *see also Chambers v. Time Warner, Inc.*, 282 F.3d at 153 (2d Cir. 2002). Nevertheless, the relevant substance of the letter was quoted in the Complaint.

the Arbitrator's award because "there is no reasonable chance to succeed on an Article 75 petition based upon the issues [Plaintiff] ha[d] raised." (*Id.* ¶ 28.)

Defendant Local 812's position effectively prevented Plaintiff from seeking any further appeal of the denial of his grievance. (*Id.* ¶ 29.) Consequently, Plaintiff's Counsel withdrew the Article 75 Petition and initiated this action. (*Id.* ¶ 30.) Before this Court, Plaintiff asserts that Defendant Local 812 owed him a duty of fair representation and that it acted in an irrational, arbitrary, perfunctory, and negligent manner by failing to investigate, process and present, and argue Plaintiff's Article 75 claim. (*Id.* ¶¶ 32-33.) Futhermore, Plaintiff asserts that Defendant Local 812 failed to provide a fair and impartial hearing, as demonstrated by the fact that Arbitrator Betso refused to allow Plaintiff's Counsel an opportunity to question Bracho's credibility, and allowed the admission of the signed statement of Martinez, thus proximately causing Plaintiff significant damages. (*Id.* ¶¶ 34-37.)

## STANDARD ON A MOTION TO DISMISS

On a Rule 12(b)(6) motion to dismiss, the Court must accept all well pled facts set forth in the complaint as true and draw all reasonable inferences in Plaintiff's favor. *See e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam); *see also Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008). A claim will survive a Rule 12(b)(6) motion, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010). If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## DISCUSSION

### I. Duty of Fair Representation

The National Labor Relations Act ("NLRA") assures that members of certified unions will be provided with fair and impartial representation. *See Kazolias v. IBEW LU 363*, No. 09-CV-7222(RO)(LMS), 2012 WL 6641533, at *9 (S.D.N.Y. Dec. 11, 2012) *report and recommendation adopted in part*, No. 09-CV-7222(RO), 2013 WL 3682926 (S.D.N.Y. July 1, 2013) (citing *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)); *see also Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000) (citing *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151 (1983)). This duty is an implied "statutory obligation to serve the interests of all members without hostility or discrimination . . ., to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *See Vaca*, 386 U.S. at 177 (citing *Humphrey v. Moore,* 375 U.S. 335, 342, 367 (1964)). Additionally, a union is required "to represent fairly all employees subject to the collective bargaining agreement." *Spellacy v. Airline Pilots Ass'n–Int'l*, 156 F.3d 120, 126 (2d Cir. 1998) (citing *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 74 (1991)).

To be successful on a breach of the duty of fair representation claim, a plaintiff must establish that the union acted arbitrary, discriminatory, or in bad faith. *Spellacy,* 156 F.3d at 126; *see also Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*, 204 F. App'x 40, 42 (2d Cir. 2006) ("[T]he union's conduct must, first, have been arbitrary, discriminatory or in bad faith, and second,

5

it must have seriously undermine[d] the arbitral process."). Conduct violative of the duty must be outside the range of reasonableness such that it is completely arbitrary and irrational. *Id.*; *see also O'Neill*, 499 U.S. at 78; *Bryant v. Am. Fed.'n of Musicians of the U.S. and Canada*, No. 14-CV-2598(PAC)(MHD), 2015 WL 3644075, at *11 (S.D.N.Y. June 1, 2015) (quoting *Scibilia v. Verizon Commc'ns*, 493 F. App'x 225, 227 (2d Cir. 2012)) (actions arbitrary where "the union's conduct can be fairly characterized as so far outside a wide range of reasonableness that it is wholly irrational or arbitrary") (internal quotations omitted).

"So-called discriminatory conduct encompasses actions by the union that unfairly or unreasonably distinguish between the complainant union member and others in the union." *Bryant*, No. 14-CV-2598, at *11 (citing *O'Neill,* 499 U.S. at 76); s*ee also Stephens v. 1199 SEIU, AFL-CIO*, 45 F. Supp. 3d 284, 293–94 (E.D.N.Y. 2014) (quoting *O'Neill*, 499 U.S. at 81)(discriminatory conduct means "'invidious' discrimination, *i.e.*, conduct that is 'based upon impermissible or immutable classifications such as race or other constitutionally protected categories, or arises from prejudice or animus.'"). "[A] union's acts are discriminatory when substantial evidence indicates that it engaged in discrimination that was intentional, severe, and unrelated to legitimate union objectives." *Ustad v. Int'l Broth. of Teamsters, Local 747*, 607 F. App'x. 67, 69 (2d Cir. 2015) (quoting *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010)) (internal quotation marks omitted). "A union acts in bad faith when it acts with an improper intent, purpose, or motive." *Spellacy*, 156 F.3d at 126 (citing *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 531 (10th Cir. 1992)). "Bad faith encompasses fraud, dishonesty, and other intentionally misleading conduct." *Id.* at 126 (citations omitted). Lastly, the plaintiff must also show a "causal connection between the union's wrongful conduct and [his or her] injuries." *Id.*

In reviewing a union's activity for an alleged breach, a district court must be highly deferential, as "federal policy gives unions wide latitude to act in their representative capacity." *Dillad v. SEIU Local 32BJ,* No. 15-CV-4132(CM), 2015 WL 6913944, at *4 (S.D.N.Y. Nov. 6, 2015) (internal quotation marks omitted); *Gvozdenovic v. United Air Lines, Inc.*, 933 F.2d 1100, 1106 (2d Cir. 1991). "[A] plaintiff's obligation to plead sufficient conduct to state a claim for breach of the [duty of fair representation] imposes an enormous burden." *Dillad,* 2015 WL 6913944, at *4 (internal quotation marks omitted); *see also Guerrero v. Soft Drink & Brewery Workers Union*, No. 15-CV-911(GHW), 2016 WL 631296, at *3 (S.D.N.Y. Feb. 16, 2016) ("The bar for finding that a union has breached this duty is high.").

### A. October 6, 2016 Arbitration

The Complaint alleges that Defendant Local 812 owed Plaintiff a duty of fair representation at the October 6, 2016 Arbitration. (Compl. ¶ 32.) Nevertheless, Plaintiff retained private council, independent of Defendant Local 812, to represent him at the arbitration. (*Id.* ¶ 17.) The Complaint does not assert any facts that would plausibly allow the court to draw an inference that Defendant Local 812 breached their duty of fair representation during the Arbitration.

In fact, the Complaint is silent on Defendant Local 812's conduct at the Arbitration. Indeed, Plaintiff does not even allege Defendant Local 812's presence there at the time of the Arbitration.[3] The fact that Defendant Local 812's attorney, Mr. James Green, was present during the Arbitration, was offered for the first time in Plaintiff's Opposition to Defendant's Motion. (*See* Plaintiff's Opposition to Defendant's Motion to Dismiss (EFC No. 18) ("Plf. Br.")) This fact,

---

[3] The Complaint's only mention of Defendant Local 812 in regards to the October 6, 2016 Arbitration is: "Local 812 offered into evidence the signed statement of Angel Martinez." (Compl. ¶ 22.) This appears to be a mistake, as the facts indicate that Plaintiff was represented by retained counsel who was in a position to object to the admission of this evidence. Moreover, the ultimate admission of the evidence was the choice of the Arbitrator. Even if this is not a mistake, there is still not enough facts on the Complaint's face to indicate a breach of the duty of fair representation.

however, was not alleged in the Complaint and therefore will not be considered. *See Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99-CV-10452(GBD), 2004 WL 2914093, at *6 (S.D.N.Y. Dec. 15, 2004) ("A complaint cannot be amended merely by raising new facts and theories in Plaintiff's opposition papers, and hence such new allegations and claims should not be considered"); *Tomlins v. Vill. of Wappinger Falls Zoning Bd. of Appeals*, 812 F. Supp. 2d 357, 363 n.9 (S.D.N.Y. 2011) (declining to consider newly raised facts mentioned for the first time in opposition papers); *Feldman v. Sanders Legal Grp.*, 914 F. Supp. 2d 595, 600 n.5 (S.D.N.Y. 2012) (declining to consider arguments in plaintiff's opposition that were "based on facts and theories that are not in the Complaint."). Plaintiff's claim must fail.

### B. Failure to Vacate Arbitrator's Award

Plaintiff's second theory of liability for a breach of the duty of fair representation relies on allegations that Defendant Local 812 acted arbitrarily. Specifically, the Complaint alleges that Defendant Local 812 acted in an irrational, arbitrary, perfunctory, and negligent manner by failing to investigate, process and present, and argue Plaintiff's Article 75 claim, thus breaching its duty of fair representation to Plaintiff. (*See* Compl. ¶ 33.)

"The duty of fair representation generally does not obligate the union to appeal or to file a petition to vacate an adverse award." *Crowell v. Int'l Bhd. of Teamsters,* No. 00-CV-3480(RCC), 2001 WL 1230531, at *4 (S.D.N.Y. Oct.16, 2001); *see also Nieves v. District Council 37 (DC 37), AFSCME, AFL-CIO*, No. 04-CV-8181(RJS), 2009 WL 4281454, at *10 (S.D.N.Y. Nov. 24, 2009) ("[T]he weight of authority within the Second Circuit holds that a union's duty of fair representation simply does not include a duty to appeal an unfavorable arbitration decision."). Accordingly, Plaintiff "is free to seek representation outside union channels for the purpose of challenging the arbitrator's decision." *Ciano v. Utility Workers of Am.*, No. 94-CV-3423(AGS),

8

1995 WL 489452, at *6 (S.D.N.Y. Aug. 15, 1995) ("'Once the arbitrator denied plaintiff's grievance . . . the union owed plaintiff no duty in deciding whether to seek judicial review of the committee's ruling because, with respect to that decision, it was not acting as his exclusive representative.") (internal citation omitted). Consequently, if Plaintiff wanted the arbitrator's decision reviewed, it was not the obligation of Defendant Local 812 to raise an appeal.

Even if a union had a duty to appeal an arbitrator's award, Plaintiff has failed to plead facts that would plausibly show that Defendant Local 812's failure to appeal the arbitrator's decision was arbitrary, irrational,[4] discriminatory, or in bad faith. Defendant Local 812 decided not to pursue an Article 75 proceeding seeking to vacate the Arbitrator's award because it saw no reasonable chance to succeed based on the issues raised. (*See* Compl. at ¶ 28.) Defendant Local 812 thus provided a rational explanation for its conduct.

Furthermore, "[o]nce a union has met its obligation under a collective bargaining agreement and 'submitted [an employee's] dispute to arbitration before an independent decisionmaker, the union [is] entitled, if not required, to abide by the award.'" *Ciano*, 1995 WL 489452, at *6 (quoting *Veloz v. Local 1-2, Utility Workers Union of America, AFL–CIO*, No. 90-CV-7926 (MBM), 1992 WL 210141 (S.D.N.Y. Aug. 24, 1992)). The circumstances are not so unfairly blatant as to support the exception that the Defendant Local 812 had a duty to appeal. *See e.g., Crowell*, 2001 WL 1230531, at *4 (quoting *Sears v. Cadillac Auto. Co. of Boston*, 654 F.2d 4, 7 (1st Cir. 1981)) ("While we need not hold . . . that a union's failure to appeal could never breach its representational duty, it is obvious that courts ought to allow such actions, if at all, only in unusual circumstances where unfairness is blatant.") (internal citations omitted). "This

---

[4] Courts have found union liability in the event that the union is unable to articulate a rational explanation for its conduct. *See e.g.*, *NLRB v. Teamsters, Local 282*, 740 F.2d 141 (2d Cir. 1984)("Local 282 could not have *rationally* believed that an oral announcement of the arbitration award's change in shaping requirements would have reached the majority of [its members].") (emphasis added).

9

provision has been narrowly construed so as not to impinge on the broad discretion afforded to arbitrators to decide what evidence should be presented." *Rai v. Barclays Capital Inc.*, 739 F. Supp. 2d 364, 371-72 (S.D.N.Y. 2010).

Given this broad discretion, "arbitrators need not hear cumulative or irrelevant evidence" and "may proceed 'with only a summary hearing and with restricted inquiry into factual issues.'" *Areca, Inc. v. Oppenheimer & Co., Inc.*, 960 F.Supp. 52, 54-55 (S.D.N.Y. 1997). In considering this, Arbitrator Besto's refusal to allow Plaintiff's Counsel an opportunity to question Bracho on his prior convictions and his allowance of Martinez's written statement, alone, do not meet the high burden of blatant unfairness;[5] accordingly Defendant Local 812, was not required to appeal this decision, an appeal it deemed meritless.

### C. Leave to Re-Plead

Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend, however, may be denied if amendment would be futile. *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (quoting *Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110-11 (2d Cir. 2001)). An amendment is futile if it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (internal citation omitted). In determining whether a complaint states a plausible claim for relief needed to overcome a motion to dismiss, a district court must consider the context and "draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). In light of the facts presented, Plaintiff fails to make a plausible claim. Indeed, the facts alleged demonstrate that an amendment would be futile. Plaintiff's allegations show only that Defendant Local 812's conduct

---

[5] "The party challenging an arbitration award "bears the heavy burden" of proving the existence of grounds for vacatur." *Rai*, 739 F.Supp. 2d at 370.

10

was reasonable. No additional facts would convert that reasonable conduct into conduct that is arbitrary, irrational, or undertaken in bad faith. Plaintiff's Complaint must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Complaint is dismissed with prejudice. The Clerk of the Court is respectfully directed to terminate the motion at ECF. No. 14. The Clerk of the Court is further directed to terminate the action as the Complaint is dismissed with prejudice.

Dated: April 23, 2018  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge